UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAKA SHABAZZ,<br>    Plaintiff, | :<br>:<br>:    Civil Action No.<br>:    3:16-cv-01608 (VLB) |
| v. | :<br>: |
| JAMES DZURENDA, et al.,<br>    Defendants. | :    October 13, 2016<br>: |

**MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. NO. 7] AND DISMISSING THE COMPLAINT [DKT. NO. 1]**

I. <u>Introduction</u>

Plaintiff Shaka Shabazz ("Shabazz") filed his Complaint in the instant action on September 14, 2016, alleging Defendants James Dzurenda, Angel Quirous, Carol Chapdelaine, Captain Corl[1], Corrections Officer Rule, Corrections Officer Tyburski, Bruce Richardson, Counselor Lisa Grant, and Corrections Training Officer Thompson (together, "Defendants") violated Plaintiff's First, Eighth, and Fourteenth Amendment rights and intentionally spoliated evidence in connection with a disciplinary hearing. [Dkt. No. 1 ("Complaint").] On October 11, 2016, Plaintiff Shabazz brought a Motion for a Temporary Restraining Order and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a), seeking an order to restrain or enjoin Defendants from conducting future disciplinary hearings that deny Plaintiff due process. [Dkt. No. 7 ("Motion").] For

---

[1] **No first name is provided for Defendants Corl, Rule, Tyburski, or Thompson.**

1

the reasons set forth below, the Court DISMISSES the Complaint and DENIES Plaintiff's Motion.

## II. Background

On March 15, 2014, Shabazz failed to follow an order from a corrections officer to step through a metal detector. Complaint at 5. A disciplinary hearing was held to address the incident. *Id.* at 7. Shabazz desired to present security camera footage at the hearing to support his innocence, but was not allowed to review the footage himself. *Id.* at 7-9. Shabazz was instead offered representation by an "advocate," who would review the evidence on Shabazz's behalf and submit a report for the disciplinary hearing. *Id.* at 7-9. However, the advocate was also required to submit an independent conclusion and, in Shabazz's case, the advocate concluded Shabazz was guilty and recommended he be "receive consequences accordingly." *Id.* at 9-11.

Shabazz subsequently brought a state habeas corpus action in Connecticut Superior Court against the Connecticut State Prison Warden, alleging the disciplinary hearing procedure denied Plaintiff due process. *Shabazz v. Warden*, CV14406573, 2016 WL 5339522, *1 (Conn. Super. Ct. Aug. 22, 2016). State Superior Court Judge Sferraza apparently adjudicated the merits of the case and found that Shabazz was deprived of due process because Shabazz was prohibited from marshalling his own defense, and was provided an advocate who served not to defend Shabazz, but to contribute an independent conclusion proclaiming Shabazz's guilt. *Id.* at *4. As Judge Sferraza noted, "with advocacy like this, who needs adversaries?" *Id.* at *4. The Connecticut Superior Court

2

accordingly vacated the disciplinary hearing officer's decision and ordered that "any new hearing, if one is conducted, comply with the principles adjudicated in this decision." *Id.* at *4.

On September 23, 2016, one month after the Connecticut Superior Court's ruling, Shabazz filed his Complaint in the instant action, raising Constitutional and tort allegations in connection with the disciplinary hearing addressing the March 15, 2014 incident. On October 11, 2016, Shabazz filed his Motion for a Temporary Restraining Order and a Preliminary Injunction in this action. Motion at 1. Plaintiff makes the same due process argument in his Motion that he did before the Connecticut Superior Court: the prison's current disciplinary hearing procedure fails to provide Plaintiff an effective advocate and denies Plaintiff the right to marshal evidence in his own defense, denying him due process.

### III. Dismissal of the Complaint Under *Res Judicata*

"*Res judicata,* or claim preclusion, means that a party may not split causes of action that 'could be brought and resolved together.'" *Vandever v. Emmanuel*, 606 F. Supp. 2d 253, 254 (D. Conn. 2009) (quoting *Nestor v. Pratt & Whitney,* 466 F.3d 65, 70 (2d Cir. 2006)). "This doctrine means that once a case reaches a final judgment on the merits, the parties cannot later re-litigate the issues that were raised or could have been raised in that earlier case." *Id.*; *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000) (stating it is well-established that "a plaintiff cannot avoid the effects of *res judicata* by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)"). "Under the federal rules of *res judicata*, a

3

subsequent lawsuit will be barred where the defendant[2] can show: (1) an adjudication on the merits in the previous action; (2) that the previous lawsuit involved the plaintiffs, or those in privity with them; and (3) that the claims asserted in the subsequent suit were raised, or could have been raised, in the prior proceeding." *Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC*, 742 F.Supp.2d 446, 453 (S.D.N.Y. 2010) (citations omitted).

"Whether a claim that was not raised in the previous action could have been raised therein depends *in part* on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line N.Y.,* 295 F.3d 204, 205 (2d Cir. 2002).

In this case, Shabazz bases his Complaint on the same March 14, 2015 incident and subsequent disciplinary hearing that was at the center of his suit before the Connecticut Superior Court.  Shabazz's Constitutional and tort claims are "related in time, space, [and] origin," to his prior due process action, and could have been raised in the prior proceeding.  *Marvel Characters, Inc.*, 310 F.3d at 287.  Additionally the finality requirement for *res judicata* is satisfied as there is

---

[2] In the absence of a motion to dismiss on res judicata grounds, a Court may dismiss *sua sponte*.  *Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010).

4

no evidence that any party has appealed the Superior Court's ruling, and even if an appeal were pending, it would not preclude the application of *res judicata*. *Sullivan v. Hyland*, 647 F. Supp. 2d 143, 173 (D. Conn. 2009) ("a pending appeal does not preclude the application of *res judicata*"). This action must accordingly be dismissed. As the case is barred by the doctrine of *res judicata* and must be dismissed, the court cannot grant any of the relief the Plaintiff seeks.

IV. <u>Denial of the Temporary Restraining Order and Preliminary Injunction</u>

Even if the Court had not dismissed Plaintiff's Complaint at this juncture, it would be compelled to deny his Motion for a Temporary Restraining Order and Preliminary Injunction. A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.,* 409 F.3d 506, 510 (2d Cir. 2005)). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009). To obtain a temporary restraining order, the Plaintiff must show "irreparable harm, and either (1) a likelihood of success on the merits of the case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party." *See Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779‑80 (2d Cir. 1994). The analysis is the same for a preliminary injunction. *Control Sys.,*

*Inc. v. Realized Sols., Inc.*, No. 3:11CV1423 PCD, 2011 WL 4433750, at *2 (D. Conn. Sept. 22, 2011) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)).

To satisfy the irreparable harm requirement, Plaintiff must demonstrate that, absent a temporary restraining order, he will "suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *Maxum Petro., Inc. v. Hiatt*, 2016 WL 5496283, *1-2 (D. Conn. Sept. 28, 2016). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d at 118-19; *Forest City Daly Hous., Inc. v. N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (same).

Plaintiff brought the instant Motion reasserting that the prison's disciplinary hearing procedure provides inadequate due process. Motion at 1-3. The Superior Court's decision to vacate the prior disciplinary hearing does establish that a new hearing conducted in a manner as ordered by the court to afford Shabazz procedural due process rights is imminent. However, Plaintiff does not assert a basis for his apparent belief that the imminent hearing will contravene the Connecticut Superior Court's Order to provide due process, inflicting irreparable harm. Plaintiff's allegation of future harm relies on speculation, and is accordingly insufficient to warrant a temporary restraining order or preliminary injunction. *Faiveley Transp. Malmo AB*, 559 F.3d at 118.

6

V.  **Conclusion**

For the foregoing reasons, the Court DISMISSES the Complaint and DENIES Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.  The Clerk is directed to close this case.

IT IS SO ORDERED.


                                                /s/
                                  Hon. Vanessa L. Bryant
                                  United States District Judge


Dated at Hartford, Connecticut:  October 13, 2016